IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED
IN OPEN COURT

MAY 2 5 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 2:16cr44
)
MICHAEL LANELL EASLEY JR., )
)
Defendant. )

## STATEMENT OF FACTS

By signing below, the parties and their respective counsel agree that if this case had gone to trial, the government's evidence would have established the following facts beyond a reasonable doubt:

1. On or about September 11, September 18, and November 13, 2015, the defendant sold a quantity of heroin to either a confidential informant or an undercover police officer who both were working with federal agents. During the September 11th buy, the defendant's mother facilitated the heroin transaction because the defendant was in the process of bagging up more heroin for sale. All three of the heroin purchases involved the defendant's residence on Riverview Avenue in Portsmouth, within the Eastern District of Virginia, as either the place of purchase or the location from which the defendant retrieved the heroin for sale.

2. On November 23, 2015, federal and state law enforcement officers attempted to execute an arrest and search warrant related to the defendant. As agents approached the defendant he put a large object in his mouth and began to swallow. Agents attempted to get him to open his mouth and informed him of the health consequences of ingesting such a large amount of heroin. Eventually, the defendant spat out part of the bag containing heroin and agents

1




recovered a representative sample of the heroin he swallowed. In an effort to save the defendant's life, agents called for an ambulance and the defendant was rushed to the hospital. The defendant came close to cardiac arrest several times. Eventually, doctors were able to stabilize him but it was not possible to restrain the defendant to his hospital bed because of the serious nature of his injuries. Several days later the defendant recovered and checked himself out of the hospital without law enforcement's knowledge.

3. On November 23, 2015, agents executed a search warrant at the defendant's residence located on Riverview Avenue, Portsmouth, Virginia. Agents recovered in a bag a quantity of heroin and a Taurus PT 1911 .45 semi-automatic handgun. Agents also recovered digital scales and strainers commonly used to prepare heroin for sale.

4. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case, nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under his plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Joseph E. DePadilla
Andrew Bosse
Assistant United States Attorneys
John F. Butler
Special Assistant United States Attorney

<u>Defendant's signature:</u>   After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Michael Lanell Easely Jr., and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*/s/ Michael Easley*
Michael Lanell Easely Jr.
Defendant

<u>Defense attorney signature:</u>   I am the attorney for defendant, Michael Lanell Easley Jr. I have carefully reviewed the above Statement of Facts with him.   His decision to enter into this factual stipulation is knowing, intelligent, and voluntary.

*/s/*
Counsel for Defendant

3