IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:16cr44 |
| ) | |
| MICHAEL EASELY, ) | |
| ) | |
| Defendant. ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, Joseph E. DePadilla, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 57 to 71 months imprisonment on Count 1 and a mandatory consecutive term of 60 months on Count Seven, which carries a mandatory minimum term of 120 months. The Probation Office calculated a Total Offense Level of 21 and a Criminal History Category of VI. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office and defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation and has not objections.

For the reasons outlined below, the United States respectfully submits that a sentence within the guidelines is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

I.      Motion

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant a one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

II.     Background

On March 24, 2016, a federal grand jury named the defendant in an indictment alleging eight counts, all related to narcotics trafficking: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); possession or distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 2-5); maintaining a drug premise, in violation of 21 U.S.C. § 856(a)(1) (Count 6); carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7); and felon in possession, in violation of 18 U.S.C. 922(g)(1) (Count 8). PSR ¶¶ 2-7. On May 25, 2016, the defendant pled guilty to Counts One and Seven of the indictment. Docket Nos. 22-27. The next day, the Court entered a consent order of forfeiture. Docket No. 28. The defendant is scheduled to appear before this Court for sentencing at 2:30 p.m. on Wednesday, September 21, 2016.

III.    Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth

in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

   A.   Nature and Circumstances of the Offense

The nature and circumstances of the offense are serious. The defendant was selling a product that has a high potential of killing his customers. Rather than being apprehended with heroin the defendant chose to ingest it, which could have been deadly. After agents saved his life the defendant repaid them by walking out of the hospital and escaping. The defendant exacerbated his situation by maintain a firearm to protect his illegal enterprise.

   B.   History and Characteristics of the Defendant

The defendant is 36 years old. He involved his mother in his drug business. PSR ¶ 14. His criminal record stretches back 16 years beginning in 2000 with a failure to appear. PSR ¶ 41. He has been convicted of selling cocaine in the past. PSR ¶ 50. The bulk of his record is minor and traffic offenses.

   C.   Need to Deter this Defendant and other Similarly Situated Offenders

The defendant's behavior when agents were moving in to arrest him is very serious. Anyone who chooses to ingest a large amount of heroin to avoid arrest runs the risk of dying. Other heroin dealers need to understand that ingestion is not the way to lower their ultimate

3

sentence. No benefit should be accrued by forcing the police to call for rescue and then expending valuable hospital resources to combat a defendant's overdose. If anything this type of behavior should yield a higher sentence than the normal narcotics trafficker who simply surrenders to police upon arrest.

IV.     Conclusion

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence within the guidelines is appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford specific deterrence to the defendant.

                                Respectfully submitted,

                                Dana J. Boente
                                United States Attorney

                    By:         /s/
                                Joseph E. DePadilla
                                Assistant United States Attorney
                                United States Attorney's Office
                                101 West Main Street, Suite 8000
                                Norfolk, VA 23510
                                Office Number: 757-441-6331
                                Facsimile Number: 757-441-6689
                                joe.depadilla@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 13th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

                      Richard Davis, Esq.
                      355 Crawford Street, Suite 700
                      Portsmouth, VA 23704

      I HEREBY CERTIFY that on this 16th day of June, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

                      Carmen I. Perez
                      U.S. Probation Officer
                      600 Granby Street, Suite 200
                      Norfolk, Virginia 23510

                      _____/s/_____
                      Joseph DePadilla
                      Assistant United States Attorney
                      Attorney for the United States
                      United States Attorney's Office
                      101 West Main Street, Suite 8000
                      Norfolk, VA 23510
                      Office Number: 757-441-6331
                      Facsimile Number: 757-441-6689
                      Joe.DePadilla@usdoj.gov