IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

    v.                                                                   CRIMINAL NO. 2:16CR00044-001

MICHAEL LANNELL EASLEY

       Defendant

## DEFENDANT'S POSITION ON SENTENCING

Defendant, Easley, by and through counsel, Richard J. Davis, III, Esq. in accord with 18 U.S.C. § 3553(a) and USSG § 6A1.2, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report ("PSR") and states he does not have objections to the PSR that affect the advisory guideline range, and files this Position Paper in the instant case. The Defendant respectfully submits that a minimal period of incarceration well below the proposed guidelines in this matter, is reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553.

Acceptance of Responsibility

It is the defendant's burden to demonstrate that he is entitled to a reduction for acceptance of responsibility. See *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989). USSG Section 3E1.1 provides for a decrease of two levels in the offense level if the defendant clearly demonstrates acceptance of responsibility for his offense.

According to the commentary in the guidelines, a defendant who enters a plea of guilty is not entitled to an adjustment under this section as a matter of right. Evidence of a guilty plea is evidence of acceptance of responsibility, but it may be outweighed by conduct of the defendant which is inconsistent with an acceptance of responsibility. In considering

whether the defendant qualifies for acceptance credit, the guidelines reference a number of criteria, including, but not limited to: (1) whether the defendant truthfully admitted conduct comprising the offense of conviction; (2) whether the defendant withdrew from criminal conduct voluntarily; (3) the timeliness of the acceptance; and (4) post offense rehabilitative efforts.

The defendant did enter a timely plea of guilty. He signed a Statement of Facts in support of his guilt. The defendant's guilty plea, statement of facts and subsequent conviction stemmed from his involvement with numerous drug sales and transactions in the City of Portsmouth.

Mr. Easley indicated that he wished to plead guilty and he accepted responsibility and signed a statement of facts; Mr. Easley intended to cooperate with the Government and in fact, participated in a lengthy debriefing with case agents, and provided significant intelligence in drug activity in the City of Portsmouth and surrounding jurisdiction.

### 3B1.2 – Mitigating Role:

It is submitted for your consideration that Mr. Easley qualifies for a reduction in base level because he played a minimal, minor or intermediate role in the conspiracy under 3B1.2. The application notes of USSG § 3B1.2 provide guidance to determine whether a reduction in offense level will apply, but is by no means the end-all-be-all. Each case will be decided by a fact-by-fact review. For a defendant to qualify for a mitigating role, he must be "substantially less culpable than the average participant." USSG § 3B1.2,

comment (n. 3(A)). Where the defendant is only accountable for the conduct in which the defendant was personally involved and who performs a limited function, he is not precluded from the mitigating roles adjustment. *Id.* "The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the case." *Id.*, comment (n.3(c)). Mr. Easley submits that he is entitled to a reduction in offense level.

## 18 U.S.C. § 3553(a) – Factors to Consider at Sentencing

In determining the appropriate sentence to impose, this Court must follow the guidance of the United States Supreme Court in Gall vs. United States, 552 US 38, 50 (2007):

> *(The) district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for*

> *meaningful appellate review and to promote the perception of fair sentencing.* (Citation and footnote omitted).

Analysis of the factors set forth in 18 USC §3553(a) support the result which defendant seeks. The general directive of 18 USC § 3553 requires the Court to formulate a sentence which is sufficient to accomplish the purposes of sentencing (explained below). As such, so long as this Court determines Mr. Easley's sentence is sufficient as to him, his conduct and it's place in the grand scheme of the justice system, the sentence is appropriate for purposes of 18 U.S.C. § 3553(a). The statute instructs the Court to consider the need for the sentence to (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *Id.* at (a)(2). In considering these goals of sentencing, the court is instructed to consider the following factors.

## I. Nature and circumstances of the offense and the history and characteristics of the defendant. 18 USC §3553(a)(1)

Conspiracy to possess with intent to distribute and possession of a firearm by a convicted felon are serious offenses. As argued above, the defendant's role in the offense, however, was not aggravated. The following subparts are designed to address 18 U.S.C. § 3553(a)(1).

Defendant's Criminal History

As the Court can tell, by the thorough PSR of U.S. Probation Officer Perez, Mr. Easley has a criminal history dating back to 2000, and he has five criminal history points.

PSR, p. 8-12.

### Characteristics of the Defendant

Mr. Easley was given up by his mother at the age of four, and never knew his father. He was then raised by his grandmother who has been supportive of him throughout his life. PSR, p. 16. Mr. Easley has completed the 11th grade at I.C. Norcom High School in Portsmouth. It is troubling to note that while the last grade he completed was the 11th grade, school records indicate the last grade he was promoted to was the 9th grade.

### Defendant's Health

Mr. Easley's health is indicated as good. However, as a result of this incident prior to his arrest he ingested lethal amounts of narcotics and was transported to the hospital and had to be revived by hospital personnel. Although a product of his own doing, Mr. Easley has been suffering extreme anxiety in the jail as a result of guilt and shame surrounding his criminal conduct and the uncertainty surrounding his upcoming sentencing. Clearly, the remorse is genuine and should speak volumes about the character of Mr. Easley.

**II. Need for the Sentence Imposed to Reflect the Seriousness of the Offense 18 USC § 3553(a)(2)(A)**

It is without a doubt serious when participating in any criminal undertaking. Mr. Easley is facing a sentence, according to the PSR of 57 to 71 months, plus 60 months consecutive in prison. It is respectfully submitted that such a sentence as suggested in the guidelines is greater than necessary to accomplish the sentencing goals. The risk of re-offending is low. In the totality of the circumstances, Mr. Easley is not one who should be jailed for a lengthy prison sentence; treatment and serious analysis of federal sentencing laws with respect to narcotics would do more to appropriately sentence Mr. Easley, and serve the public, and his family. A shorter sentence of no more than sixty

months will serve to adequately monitor his rehabilitation and will be punitive enough.

### Conclusion

This Court is respectfully urged to impose a variant sentence in prison sentence of no more than 60 months, as the same is sufficient, but not greater than necessary to comply with the purposes of sentencing as discussed *supra*. Although the defendant must obviously accept the consequences of his behavior, he is not a person who is likely to re-offend, and there is nothing in his background or the circumstances of the offense which would call for a sentence greater than what is requested, and is appropriate herein. He certainly understands that there will be serious consequences for his criminal activity, but hopes that once he has served his sentence, probationary, or otherwise, he will be able to continue to be the responsible member of society he has been for years.

Respectfully submitted this 13th day of September, 2016,

MICHAEL LANNELL EASLEY, JR.

By: ____s/
Of Counsel

Richard J. Davis, III, Esq.
VSB No.70681
Counsel for Defendant Michael Lanell Easley, Jr.

KOZAK, DAVIS & RENNINGER,
P.C. 355 Crawford Street, Suite 700
Portsmouth, Virginia 23704
Tel: 757-222-2224
Fax: 757-399-8045

nrenninger@kozakfirm.com

CERTIFICATE OF SERVICE

I certify that on this 13th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

    Joseph R. DePadilla, Esq.
    Assistant United States Attorney
    Office of the United States
    Attorney 101 West Main Street,
    Suite 8000
    721 Lake Front Commons
    Norfolk, VA 23510
    Office Number – 757-441-6331 Facsimile Number – 757-441-6689
    joseph.depadilla@usdoj.gov


    Carmen I Perez
    United States Probation Officer
    600 Granby Street, Suite 200
    Norfolk, VA 23510
    (757) 222-7316
    Carmen_I_Perez@vaep.uscourts.gov


    _____/s/
    Richard J. Davis, III, Esq.
    VSB No.70681
    Counsel for Defendant Michael Lanell Easley
    KOZAK, DAVIS & RENNINGER, P.C.
355 Crawford Street, Suite 700
Portsmouth, VA 23704
Office number 757-222-2224; Facsimile Number 757-399-8045
rdavis@kozakfirm.com